# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim. No. 99-20091-01-KHV |
| v. | ) | |
| | ) | |
| JOHNNY D. MARTIN, | ) | Civil No. 06-3019-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #133) filed January 13, 2006.

## Factual Background

On July 24, 2000, the government filed an information which charged Johnny D. Martin with one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On August 7, 2000, defendant pled guilty. On September 11, 2000, the Court sentenced defendant to 151 months in prison.[1] On August 1, 2001, the Tenth Circuit dismissed defendant's appeal as untimely.

## Analysis

Defendant maintains that his sentence must be modified because it was enhanced based on facts which were not charged in the indictment or submitted to a jury. The Tenth Circuit has held that neither

---

[1] Defendant's base offense level was 28 because the amount of cocaine base was at least 20 grams but less than 35 grams. Defendant received a three level reduction for acceptance of responsibility, resulting in an adjusted offense level of 25. Under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), however, defendant's offense level was adjusted to 29 (32 minus three levels for acceptance of responsibility) because he was classified as a career offender. Defendant's total offense level of 29, with a criminal history category VI, resulted in a sentencing range of 151 to 188 months.

Blakely v. Washington, 542 U.S. 296 (2004) nor United States v. Booker, 543 U.S. 220 (2005) announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. United States v. Van Kirk, 139 Fed. Appx. 999, 1000 (10th Cir. July 22, 2005); see United States v. Bellamy, 411 F.3d 1186-88 (10th Cir. June 16, 2005) (Booker does not apply retroactively to initial habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely does not apply retroactively to convictions already final as of June 24, 2004); see also United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (Apprendi not watershed decision and hence not retroactively applicable to initial habeas petitions). Accordingly, a defendant whose conviction was final when the Supreme Court decided Blakely on June 24, 2004 cannot obtain relief based on that decision or the subsequent decision of Booker under Section 2255. The Court therefore overrules defendant's motion to vacate.

Even if Booker applied to cases on collateral review, defendant would not be entitled to relief. Even though the information did not charge the amount of cocaine base used to calculate defendant's base offense level and the government did not submit the issue to a jury, defendant's sentence was not affected because the Court sentenced him under U.S.S.G. § 4B1.1 which applies to career offenders. Under Section 4B1.1, if the offense level provided in that section is greater than the offense level otherwise applicable, the offense level from Section 4B1.1 applies. Here, the offense level from Section 4B1.1 was 32, which was more than defendant's adjusted offense level of 25. Accordingly, the Court sentenced defendant under Section 4B1.1 based on an adjusted offense level of 29 (32 minus three levels for acceptance of responsibility). Under Booker, the government is not required to charge in an indictment or prove to a jury either the existence of prior convictions or their classification under Section 4B1.1. See United States v. Moore, 401 F.3d 1220, 1221, 1224-25 (10th Cir. 2005); see also United States v.

Moudy, 132 F.3d 618, 619 (10th Cir. 1998) (review of sentence enhancement under Armed Career Criminal Act is legal issue).  The Tenth Circuit has explained as follows:

> With respect to the existence of prior convictions, Booker patently reaffirms Supreme Court precedent that a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ----, 125 S. Ct. at 756 (emphasis added). Thus, it is clear the government did not need to charge the "fact" of [defendant's] prior convictions in the indictment or submit it to a jury. See Moore, 401 F.3d at 1224.
>
> With respect to the characterization of prior convictions, we have determined it involves a question of law and not fact, so it does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury. See id. at 1224-26. More specifically, "[w]hether a defendant was erroneously classified as a career offender is a question of law subject to de novo review." United States v. Zamora, 222 F.3d 756, 763 (10th Cir. 2000). Thus, we can readily conclude the district court, and not a jury, should have determined any issue with respect to the classification of [defendant] as a career offender. Given the district court was the appropriate entity to determine [defendant's] classification as a career offender, the only issue left is whether it made the correct determination on that issue.

United States v. Mohammed, 150 Fed. Appx. 887, 890 (10th Cir. Oct. 17, 2005).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #133) filed January 13, 2006 be and hereby is **OVERRULED**.

Dated this 24th day of January, 2006, at Kansas City, Kansas.

                                                 s/ Kathryn H. Vratil
                                                 KATHRYN H. VRATIL
                                                 United States District Judge