## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | **No. 99-20091-01-KHV** |
| ) | |
| JOHNNY D. MARTIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Reduce Sentence Under 3582(c)(2)</u> (Doc. #136) filed December 14, 2007 and defendant's <u>Motion To Modify Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2)</u> (Doc. #137) filed March 19, 2008.

## Factual Background

On July 24, 2000, the government filed an information which charged Johnny D. Martin with one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On August 7, 2000, defendant pled guilty. On September 11, 2000, the Court sentenced defendant to 151 months in prison.[1]

## Analysis

Defendant asks the Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). In particular, defendant relies on the amendments to the sentencing guidelines on offenses involving

---

[1] Defendant's base offense level was 28 because the amount of cocaine base was at least 20 grams but less than 35 grams. Defendant received a three level reduction for acceptance of responsibility, resulting in an adjusted offense level of 25. Under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."), however, defendant's offense level was adjusted to 29 (32 minus three levels for acceptance of responsibility) because he was classified as a career offender. Defendant's total offense level of 29, with a criminal history category VI, resulted in a sentencing range of 151 to 188 months.

crack cocaine.  See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendments 706 and 711.[2]  Section 3582(c)(2) authorizes the district court to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. § 994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 1B1.10, one of the applicable policy statements, provides that a reduction in sentence is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.  Because the Court sentenced defendant under the career offender guideline, U.S.S.G. § 4B1.1, and not the guideline which was affected by the recent amendments, U.S.S.G. § 2D1.1, he is not entitled to relief.[3]  See, e.g., United States v. Biami, No. 95-cr-93, 2008 WL 1869108, at *2-4 (E.D. Wis. Apr. 22, 2008); United States v. Sharkey, No. 02-40145-SAC, 2008 WL 1766966, at *2 (D. Kan. Apr. 15, 2008); United States v. Gutierrez, No. 02-cr-00027 (AHN), 2008 WL 927564, at *2 (D. Conn. Apr. 4, 2008).  Throughout his motions, defendant refers to the Section 3553(a) factors, but those factors apply only if defendant's guideline range has been lowered by the Sentencing Commission as required by Section 3582(c)(2).  See Biami, 2008 WL 1869108, at *4.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Under 3582(c)(2) (Doc. #136) filed December 14, 2007 and defendant's Motion To Modify Sentence

---

[2]     Defendant cites Amendment 709, which the Sentencing Commission has not made retroactive.  See United States v. Godin, --- F.3d ----, 2008 WL 1006669, at *1 (1st Cir. Apr. 10, 2008).  Defendant also cites Amendment 702 which corrects certain typographical errors in U.S.S.G. § 2B1.1(b)(13)(C), but he does not explain how that amendment applies to his case.

[3]     Defendant vaguely asserts that his "criminal history guidelines were misrepresented," Motion To Modify (Doc. #137) at 13, but he does not point to any specific error in the calculation of his criminal history.  In any event, Section 3582(c)(2) does not provide relief for any such error.

Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #137) filed March 19, 2008 be and hereby are

**OVERRULED**.

Dated this 6th day of May, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge